UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

ALAN SCHOLEFIELD,

    Plaintiff,

  vs.

PENOBSCOT COUNTY JAIL
and
WILLIAM GARDNER,

    Defendants

Civil No. 1:17-cv-00230-GZS

**DEFENDANTS PENOBSCOT COUNTY JAIL'S AND WILLIAM GARDNER'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND DEMAND FOR JURY TRIAL**

Defendants Penobscot County Jail and William Gardner (a/k/a Correction Officer Gardner), by and through counsel, hereby respond to the Plaintiff's Amended Complaint as follows:

**I.   Previous Lawsuits**

    A.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

    B.    The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph (including all subparts) of Plaintiff's Complaint and, accordingly, deny same.

**II.   Place of Present Confinement**

    The Defendants deny that the allegations contained in this paragraph of Plaintiff's Complaint are true at this time.

A. The Defendants admit that there was a prisoner grievance procedure at the Penobscot Count Jail.

B. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

C.
1. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.
2. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

### III. Parties

A. The Defendants admit the allegations contained in this paragraph of Plaintiff's Complaint.

B. The Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

C. The Plaintiff's Complaint does not contain any information in this section; therefore, no response is required.  To the extent a response is required, the Defendants are without sufficient information or knowledge to form a belief as to the truth of the remaining allegations contained in this paragraph of Plaintiff's Complaint and, accordingly, deny same.

**IV.     Statement of Claim**

The Defendants admit that Plaintiff was an inmate at the Penobscot County Jail at one time.  Defendants deny the remaining allegations contained in this paragraph of Plaintiff's Complaint.

**V.     Relief**

The Defendants are without sufficient information or knowledge to form a belief as to the truth of the relief sought by the Plaintiff.  Defendants deny that there is any basis for liability or for relief for any actions taken by the Defendants.

**PLAINTIFF ALAN SCHOLEFIELD'S ADDITIONAL ALLEGATIONS AND DEFENDANTS' ANSWERS TO SCHOLEFIELD LETTER DATED 10/25/17  \***

1.     About a week ago Correction Officer Gardner searched my cell and read a Court Paper from you and saw that I am taking the jail to Court so he read it.

DEFENDANTS' ANSWER TO NO. 1:

This allegation is denied.

2.     C.O. Gardner called me a Magget [sic] and spit on my cell floor.

DEFENDANTS' ANSWER TO NO. 2:

This allegation is denied.

3.     Now he started problems and made it so I don't get diabetic trays or snacks anymore.

DEFENDANT'S ANSWER TO NO. 3:

This allegation is denied.

4.     I have a c-pap breathing machine and if I need parts they say I have to have someone on the outside get them.

3

DEFENDANTS' ANSWER TO NO. 4:

Defendants have insufficient knowledge of whether Plaintiff requires the breathing machine and therefore can neither admit nor deny that allegation. To the extent that any answer is required, Defendants deny the allegation. Defendants further deny the remaining allegations in the above statement.

5. I am in the jails [sic] custody but they do nothing.

DEFENDANTS' ANSWER TO NO. 5:

This allegation is denied.

6. I have no [sic] been in any trouble here and I have not gotten any write-ups at all.

DEFENDANTS' ANSWER TO NO. 6:

Defendants have insufficient knowledge of the above allegation and are therefore unable to admit or deny the allegations. To the extent that any answer is required, the allegations are denied.

*Note that the Scholefield letter dated 10/25/2017 which is being referred to as an Amended Complaint does not contain numbered paragraphs. Counsel has designated the allegations by numbered paragraph to respond to them.*

## AFFIRMATIVE DEFENSES

1. The Defendants' conduct did not violate any clearly established constitutional or statutory rights of the Plaintiff.

2. No reasonable person would have known that the Defendants' conduct violated any clearly established constitutional or statutory rights of the Plaintiff.

4

3. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by Plaintiff's failure to comply with the notice provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 and 8108.

4. To the extent that the Plaintiff endeavors to make a state claim grounded in tort, the claim is barred by the immunity provisions of 14 M.R.S.A. § 8103.

5. To the extent that the Plaintiff's Amended Complaint seeks to impose liability on the Defendants in their representative capacity, the Amended Complaint fails to state a claim upon which relief may be granted.

6. The Plaintiff's own conduct was the sole or a contributing cause of his injuries.

7. The Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

8. The Plaintiff's claims are barred for the reason that The Defendants are not liable under a theory of *respondeat superior* for the actions of their agents or employees.

9. The Plaintiff's claims are barred for the reason that Plaintiff has failed to identify an official policy, custom or practice which has been adopted by the Defendants.

10. The Plaintiff's claims are barred for the reason that the Defendants' actions do not constitute deliberate indifference or conduct which is shocking to the conscience.

11. The Plaintiff's claims are barred for the reason that the allegations in the Complaint allege simple negligence and the conduct complained of is not the type contemplated under 42 U.S.C. § 1983.

12. The Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

13. The Defendants reserve the right to demonstrate that the Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

14. To the extent that the Plaintiff seeks injunctive or declaratory relief, he has no standing.

15. The Plaintiff has adequate remedies under State law, and therefore no action lies under 42 U.S.C. § 1983 in the Maine Constitution or the United States Constitution.

16. The Plaintiff's Amended Complaint, in whole or in part, fails to state justiciable claims.

17. The Defendants reserve the right to demonstrate that the Plaintiff has failed to mitigate his damages.

18. The Plaintiff's Amended Complaint is frivolous and should be dismissed pursuant to 28 U.S.C. § 1915.

19. The Plaintiff's claims are barred, in whole or in part, by the exhaustion of remedies provisions in 42 U.S.C. § 1997(e).  *Porter v. Nussle*, 534 U.S. 516 (2002).

20. The Plaintiff's claims are barred, in whole or in part, to the extent they are not based upon physical injury.

21. The Plaintiff's Amended Complaint, in whole or in part, fails to state a cognizable claim under the Prison Litigation Reform Act.

22. To the extent the Plaintiff's alleged injuries result from conditions that pre-existed the events alleged in the Amended Complaint, the Defendants cannot be held liable for the alleged damages associated with those alleged injuries.

23. The Plaintiff's Amended Complaint, in whole or in part, should be dismissed because it names a building as a party that is not subject to suit.

24. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against any of the Defendants.

## JURY DEMAND

Pursuant to Local Rule 38 and Federal Rule of Civil Procedure 38(b), the Defendants request a trial by jury on all claims and issues properly tried to a jury.

WHEREFORE, Defendants Penobscot County Jail and William Gardner demand judgment in its favor with regard to all claims of the Plaintiff's Amended Complaint, including an award of costs and attorneys' fees, if appropriate, and such other relief as the Court deems just.

Dated at Portland, Maine this 14th day of December, 2017.


BY: /s/ Elizabeth G. Stouder
Elizabeth G. Stouder


AND: /s/ Heidi J. Hart
Heidi J. Hart
Attorneys for Defendants Penobscot County Jail
and William Gardner


RICHARDSON, WHITMAN, LARGE & BADGER
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2017, I electronically filed **Defendants Penobscot County Jail's and William Gardner's Answer to Plaintiff's Amended Complaint and Affirmative Defenses and Demand for Jury Trial** using the CM/ECF system, which will provide notice to me and all other counsel of record. In addition, I hereby certify that I have today served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

> Alan Scholefield
> Two Bridges Jail
> 522 Bath Road
> Wiscasset, ME  04578

BY:   /s/ Elizabeth G. Stouder
         Elizabeth G. Stouder

RICHARDSON, WHITMAN, LARGE & BADGER
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474