UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ALAN SCHOLEFIELD,<br><br>      Plaintiff,<br><br>      vs.<br><br>PENOBSCOT COUNTY JAIL<br>and<br>WILLIAM GARDNER,<br><br>      Defendants | 1:17-cv-00230-GZS |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WITH
INCORPORATED MEMORANDUM OF LAW**

NOW COME Defendants Penobscot County Jail and William Gardner, by and through counsel, Richardson, Whitman, Large & Badger, and pursuant to Fed. R. Civ. P. 56 and Local Rule 56, hereby move for summary judgment on the claims against them that are set forth in Plaintiff Alan Scholefield's Complaint and Amended Complaint (ECF Docs. 1 and 19). The basis for this motion is that Alan Scholefield has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act. For that reason, Defendants respectfully ask for judgment in their favor.

**RELEVANT FACTS[1]**

Captain Richard Clukey is employed by the Penobscot County Jail and his position is Jail Administrator, which he has held for over fifteen years. As part of his job responsibilities, he is familiar with the Jail's grievance procedures and how inmate

---

[1] The statements in this section are repeated verbatim (but without citation) from Defendants' Statement of Material Facts, which is filed simultaneously with this motion and memorandum. Any facts alleged by Plaintiff in his Complaint or otherwise and relied upon herein are accepted as true solely for the purpose of this motion and Defendants reserve the right to challenge at trial any and all facts alleged by Plaintiff.

records are kept. Attached as Exhibit A to his affidavit is a copy of the Jail's grievance procedure. The grievance procedure for the Penobscot County Jail provides that a grievance may be initiated by an inmate for an alleged violation of civil, constitutional, or statutory rights; an alleged criminal or prohibited act by a staff member; to resolve a condition existing within the jail that creates unsafe or unsanitary living conditions; to resolve a chronic condition existing within the Jail that contradicts the Maine State Jail Standards; or to appeal a previous grievance decision.

The Jail's grievance procedure also provides that an inmate must first file a grievance that is submitted directly to the Corrections Officer, Assistant Shift Supervisor, or Shift Supervisor for investigation and an attempt to resolve the grievance. If the inmate is dissatisfied with the steps taken to resolve the grievance, if any, he or she may appeal the grievance decision by filing a second grievance, which is directed to the next level of command for review. If the inmate remains dissatisfied, the third step of the grievance process is for the inmate to submit his or her grievance to the Maine Department of Corrections.

Any grievances filed by an inmate are retained in the inmate's file, which records are made and kept in the course of the Jail's regularly conducted activities. Captain Clukey reviewed Alan Scholefield's inmate file to determine what grievances were filed by him. On June 6, 2017, Mr. Scholefield filed a grievance against Mental Health regarding receiving a certain medication. This grievance was answered by a clinician after they met with Mr. Scholefield. A copy of this grievance is attached as Exhibit B to Captain Clukey's affidavit. On June 13, 2017, Mr. Scholefield filed a grievance against Medical regarding a restricted diet and restricted commissary. As a result, the restriction on his commissary was removed. A copy of this grievance is attached as

Exhibit C to Captain Clukey's affidavit.

On June 20, 2017, Mr. Scholefield filed a grievance against Medical regarding the commissary restriction still being in effect. This grievance was answered by Medical that the restriction was removed and detailed where the information was located. A copy of this grievance is attached as Exhibit D to Captain Clukey's affidavit. On June 26, 2017, Mr. Scholefield filed a grievance complaining that his legal mail was opened by staff without him present. Mr. Scholefield was informed that the mail was not directly from an attorney, but was actually returned by the post office and was subject to regular search. A copy of this grievance is attached as Exhibit E to Captain Clukey's affidavit.

On July 5, 2017, Mr. Scholefield filed a grievance against Mental Health regarding asking "numerous times for help with Mental Health." As a result, Mr. Scholefield was seen by Mental Health on July 6, 2017 and a plan was made to present his case to Dr. Allen Shaffer on July 7, 2017. A copy of this grievance is attached as Exhibit F to Captain Clukey's affidavit. On August 22, 2017, Mr. Scholefield filed a grievance about a second piece of legal mail that was opened without his presence. A copy of this grievance is attached as Exhibit G to Captain Clukey's affidavit. On September 7, 2017, Mr. Scholefield filed a grievance about not receiving a newspaper that he paid for. A copy of this grievance is attached as Exhibit H to Captain Clukey's affidavit.

On October 5, 2017, Mr. Scholefield filed a grievance against Corrections Officer William Gardner and claimed that Gardner shut off Scholefield's diabetic diet. Mr. Scholefield was informed that any changes to his diet would have been made by Medical and that any issues with his diet would need to be addressed with Medical. A copy of this grievance is attached as Exhibit I to Captain Clukey's affidavit. On April 17, 2018,

Mr. Scholefield filed a grievance against Medical regarding his CPAP machine not working. As a result, the machine was fixed on April 19, 2018. A copy of this grievance is attached as Exhibit J to Captain Clukey's affidavit.

Mr. Scholefield has not filed any other grievances related to the use of his CPAP machine. Mr. Scholefield has not filed any other grievances related to his mental health care. Mr. Scholefield has not filed any other grievances concerning any alleged acts or omissions by Corrections Officer William Gardner.

Tom Olson is employed by the Maine Department of Corrections as Compliance Monitor. In his position, he is responsible for conducting biennial inspections of the county and regional jails and enforcing the mandatory standards promulgated by the Department pursuant to statute. One of the mandatory standards (Standard J.20) is that jails provide an inmate grievance procedure with certain features. In addition, inmates may file complaints of non-compliance with mandatory jail standards with the Department's Division of Operations. (Standard J.21.) Part of Mr. Olson's job as Compliance Monitor is to investigate and respond to these inmate complaints. In addition, he maintains custody of the records of similar investigations performed by previous Compliance Monitors.

Mr. Olson conducted a review the records of jail inmate complaints filed with the Department of Corrections over the past four years. He discovered only one jail inmate grievance filed by Alan Scholefield during that time. In that complaint, Mr. Scholefield claimed that the Penobscot County Jail did not provide requested grievance forms to him. Mr. Olson investigated Mr. Scholefield's claim and determined that it was unfounded. Mr. Olson wrote to Mr. Scholefield on February 21, 2018 advising him of this finding.

**ARGUMENT**

**I. Standard of Review.**

Summary judgment is appropriate where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. Proc. 56(a). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citation omitted). Moreover, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–248 (1986)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

**II. Defendants Are Entitled to Summary Judgment Because Mr. Scholefield Failed to Exhaust Available Administrative Remedies.**

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is not left to the discretion of the district court, but is mandatory. *Booth v. Churner*, 532 U.S. 731, 739-741 (2001). A prisoner must also exhaust administrative remedies "even where the relief sought – monetary damages – cannot be granted by the administrative process." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Id.* Section 1997e(a) requires "proper exhaustion," which means that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id.* at 89-93. A prisoner must exhaust all levels of the prison grievance process. *See Johnson v. Thyng*, 369 Fed.Appx. 144, 147-48 (1st Cir. 2010).

In this case, Mr. Scholefield has identified three categories of complaints related to his confinement at the Penobscot County Jail. First, he complains about the mental health care, or lack thereof, that he has received. *See* Pltf.'s Compl., ECF Doc. 1, at PageID # 3. Second, he complains about not being able to use his CPAP machine for his sleep apnea before 11:00 p.m. *Id.* Third, he complains about an alleged incident occurring sometime in mid-October of 2017 in his cell and involving Corrections Officer William Gardner. *See* Pltf.'s Am. Compl., ECF Doc. 19, at PageID # 31. Defendants submit that these allegations do not plausibly state a constitutional injury. However, even if they did, Defendants are entitled to summary judgment on these claims because Mr. Scholefield has failed to exhaust his administrative remedies.

The Penobscot County Jail has a three-step grievance process. A plaintiff must satisfy the first two steps by filing two successive grievances with the Jail and then must

satisfy the third step by writing to the Department of Corrections. While it is possible to construe two of the nine grievances filed by Mr. Scholefield with the Jail as related to his mental health care, and therefore conclude that he met the first two steps of the grievance process with respect to that issue, he did not complete the third step of the process with respect to that particular grievance. There was no letter sent to the Department of Corrections concerning Mr. Scholefield's mental health care at the Jail.

With respect to his complaint about the use of his CPAP machine during the day, Mr. Scholefield never filed any grievance with the Jail at all. The same is true for his complaint about Officer Gardner's alleged conduct in his cell. His only letter to the Department of Corrections had nothing to do with any of the allegations in his Complaint and Amended Complaint. Therefore, it is undisputed that Mr. Scholefield did not exhaust his administrative remedies as required by the PLRA and that Defendants are entitled to summary judgment.

## CONCLUSION

Because it is undisputed that Mr. Scholefield did not exhaust his available administrative remedies, his claim is barred by the PLRA and Defendants are entitled to summary judgment. Therefore, Defendants respectfully ask this court to enter summary judgment in their favor on Mr. Scholefield's complaint against them.

Dated at Portland, Maine this 14th day of June, 2018.


BY:     /s/ Elizabeth G. Stouder
        Elizabeth G. Stouder

|  |  |
|---|---|
| AND: | /s/ Heidi J. Eddy |
|  | Heidi J. Eddy |
|  | Attorneys for Defendant Penobscot County Jail |

RICHARDSON, WHITMAN, LARGE & BADGER
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2018, I electronically filed Defendants' Motion for Summary Judgment using the CM/ECF system, which will provide notice to me and all other counsel of record. In addition, I hereby certify that I have today served a copy of this document on the Plaintiff by first class mail, postage prepaid, to the following address:

> Alan Scholefield
> Two Bridges Jail
> 522 Bath Road
> Wiscasset, ME  04578

|  |  |
|---|---|
| BY: | /s/ Heidi J. Eddy |
|  | Heidi J. Eddy |

RICHARDSON, WHITMAN, LARGE & BADGER
P.O. Box 9545
Portland, ME 04112-9545
(207) 774-7474