UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| ALAN SCHOLEFIELD, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:17-cv-00230-GZS |
| PENOBSCOT COUNTY JAIL, et al., | ) | |
| Defendants | ) | |

# RECOMMENDED DECISION ON
# DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In this action, Plaintiff Alan Scholefield alleges that Defendants have not properly treated his depression or provided appropriate access to a CPAP machine. (Complaint, ECF No. 1.) In his amended complaint, Plaintiff asserts that Defendant William Gardner, a corrections officer, mistreated him after learning that Plaintiff filed this action. (Amended Complaint, ECF No. 19.)

The matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 48.) Through the motion, Defendants argue they are entitled to summary judgment because Plaintiff failed to exhaust administrative remedies before he filed this action. Plaintiff did not file a response to the motion.

Following a review of Defendants' motion and the record, I recommend the Court grant the motion, and dismiss Plaintiff's complaint without prejudice.

## FACTS

The following facts are derived from Defendants' uncontroverted summary judgment statement of material facts. ("SMF," ECF No. 49.)

The Penobscot County Jail maintains a grievance policy that provides that an inmate may initiate a grievance for an alleged violation of civil, constitutional, or statutory rights; an alleged criminal or prohibited act by a staff member; to address unsafe or unsanitary living conditions in jail; to resolve a chronic condition within the Jail that contradicts the Maine State Jail Standards; or to appeal a previous grievance decision. (*Id.* ¶ 4, Penobscot County Sheriff's Office Inmate Grievances Policy, ECF No. 49-2.)

The grievance procedure provides that an inmate must first submit a written grievance form to the Corrections Officer, Assistant Shift Supervisor, or Shift Supervisor, who would then investigate the matter and attempt to resolve the grievance. (SMF ¶ 5; Policy §§ A.1 – A.3.) The investigation may involve a referral "to the appropriate supervisory staff member who will investigate and attempt to resolve the grievance at their level." (Policy § A.3.) When the investigation is complete, jail administration reviews the result, and notes whether the grievance has been resolved. (*Id.* §§ A.5, A.6.)

If the inmate is dissatisfied with the result, the inmate may appeal the grievance decision by submitting a new grievance, which is forwarded with the original grievance to the next level of command for review. (SMF ¶ 6; Policy § A.7.) In the event the inmate is dissatisfied with the result, to proceed with the grievance, the inmate must submit the grievance to the Maine Department of Corrections. (SMF ¶ 7; Policy § B.1.) The Jail

maintains all grievances filed by an inmate in the inmate's file. (SMF ¶ 8; Affidavit of Captain Richard Clukey ¶ 8, ECF No. 49-1.)

As of the date of Defendant's motion, Plaintiff's inmate file contained nine grievances. (SMF ¶¶ 10 – 18.) Most of the grievances concerned matters that are not before the Court in this action.[1] Four grievances are material to Defendants' motion: two involved mental health treatment, one concerned a CPAP machine, and one related to Defendant Gardner's conduct.

**Grievances regarding mental health treatment**

On June 6, 2017, Plaintiff filed a grievance (ECF No. 49-3) related to his request for certain medication to treat depression. A clinician answered the grievance after meeting with Plaintiff. (SMF ¶ 10.) A lieutenant then reviewed the submission and found the grievance to be unfounded, thereby resolving the level one grievance. (ECF No. 49-3.)

On July 5, 2017, Plaintiff filed another grievance (ECF No. 49-7) regarding his "numerous" requests for assistance from Mental Health. As the result of the grievance, Plaintiff was seen by Mental Health on July 6, 2017, and a plan was made to present his case to Dr. Allen Shaffer on July 7, 2017. (SMF ¶ 14.) A lieutenant found the grievance unfounded.

The record reveals no further action by Plaintiff on the two grievances. Plaintiff has not filed any other grievances related to his mental health care. (*Id.* ¶ 20.)

---

[1] In addition to the grievances relevant to this action, Plaintiff has filed grievances related to commissary restrictions, legal mail, and a newspaper. (SMF ¶¶ 11 – 13, 15, 16.)

### Grievance regarding Officer Gardner

On October 5, 2017, Plaintiff filed a grievance (ECF No. 49-10) against Officer Gardner and claimed that Officer Gardner ended Plaintiff's diabetic diet. Plaintiff was informed that any changes to his diet would have been made by the medical department, and that any issues with his diet would need to be addressed with medical. (SMF ¶ 17.) The record reveals no further action by Plaintiff on the grievance. Plaintiff has not filed any other grievances concerning any alleged acts or omissions by Officer Gardner. (*Id.* ¶ 21.)

### Grievance regarding CPAP machine

On April 17, 2018, Plaintiff filed a grievance (ECF No. 49-11) alleging that his CPAP machine was not working. As a result, the machine was fixed on April 19, 2018. (SMF ¶ 18.)

The record reveals no further action by Plaintiff on the grievance. Plaintiff has not filed any other grievances related to the use of his CPAP machine. (*Id.* ¶ 19.)

### Plaintiff's factual assertions

In his form complaint, which Plaintiff signed under penalty of perjury, Plaintiff stated the following concerning exhaustion of administrative remedies:[2]

---

[2] For purposes of summary judgment, the facts before the court ordinarily are restricted to facts introduced by the parties through their statements of material facts, which statements must be supported by citations to evidence of record. See Fed. R. Civ. P. 56(c); D. Me. Local R. 56(b) – (d). If a party fails to respond to a properly supported statement of material facts, by filing an opposing statement that complies with Local Rule 56, the moving party's factual statements "shall be deemed admitted." D. Me. Local R. 56(f). Moreover, pursuant to Local Rule 7(b), parties are expected to file an objection to a motion if they contest the motion, and unless they do so are "deemed to have waived objection."

A court, however, "may not automatically grant a motion for summary judgment simply because the opposing party failed to comply with a local rule requiring a response within a certain number of days." *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1, 7 – 8 (1st Cir. 2002). Instead, a court must assess whether

I have done a few requests and a grievance and nothing [is] being done.

They say [they are] waiting for records when they have my records here. With or without records if you [are] depressed you need something. And I can't use [the] breathing machine until 11:00 p.m. for sleep but I need to nap during the day.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'" *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir. 1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor. *Perry v. Roy,* 782 F.3d 73, 77 (1st Cir. 2015). If a court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, a trial-worthy controversy exists and summary judgment must be denied as to any supported claim. *Id.* ("The district court's role is limited to assessing whether there exists evidence such that a reasonable jury could return a verdict for the

---

the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In particular, when a court has before it a verified complaint, the court may consider the statements contained therein when assessing whether a genuine issue of fact exists for trial. *Clarke v. Blais*, 473 F. Supp. 2d 124, 128 (D. Me. 2007).

nonmoving party." (internal quotation marks omitted)). Unsupported claims are properly dismissed. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 – 24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## DISCUSSION

Federal law requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA [Prison Litigation Reform Act] and that unexhausted claims cannot be brought in court.") "'Prison conditions' under [the PLRA] include individual instances of medical mis-or non-treatment." *Acosta v. United States Marshals Service*, 445 F.2d 509, 512 (1st Cir. 2006).

The Supreme Court has held that § 1997e(a) requires "proper exhaustion" of a prisoner's administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90 – 91. "Compliance with prison grievance procedures … is all that is required … to 'properly exhaust.'" *Jones*, 549 U.S.

at 218. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

A defendant may raise the § 1997e exhaustion requirement as an affirmative defense. *Jones*, 549 U.S. at 216; *see also Ramos v. Patnaude*, 640 F.3d 485, 488 (1st Cir. 2011) ("The Supreme Court made it plain … that exhaustion under § 1997e(a) is not a jurisdictional condition, and has held it to be an affirmative defense." (citing *Jones,* 549 U.S. at 212)). Because failure to exhaust administrative remedies is an affirmative defense rather than a jurisdictional issue, initially, Defendants bear the burden of proof. *Jones*, 549 U.S. at 216. To satisfy that burden, Defendants must establish "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca,* 747 F.3d 1162, 1172 (9th Cir.) (en banc), *cert. denied sub nom.*, *Scott v. Albino,* 135 S. Ct. 403 (2014). Thereafter, Plaintiff must present evidence that demonstrates "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.*

Here, Defendants argue that because Plaintiff failed to exhaust the available administrative remedies, Plaintiff claims are barred by the PLRA. (Motion at 1, 7.) Defendants have in fact demonstrated that Plaintiff did not exhaust the available administrative remedies.[3] That is, the uncontroverted record establishes that at all relevant

---

[3] To be an available remedy, a grievance procedure must actually apply to the type of claim at issue. *Bean v. Barnhart*, No. 1:13-cv-00196-NT, 2015 WL 3935777, at *5 (D. Me. June 26, 2015) (citing *Booth v. Churner*, 532 U.S. 731, 736 n.4 (2001), and *Malik v. D.C.*, 574 F.3d 781, 785 (D.C. Cir. 2009)). *See also Davis v. Fernandez*, 798 F.3d 290, 294 – 95 (5th Cir. 2015) ("Whenever defendants claim a failure to exhaust, they have the burden to prove that the plaintiff did not exhaust administrative remedies that were actually available to him."). In this case, given that Plaintiff actually initiated the grievance process and

7

times, the Penobscot County Jail maintained a grievance policy, and that although Plaintiff initiated several grievances related to the claims he asserts in this action, Plaintiff did not complete the grievance process on any of the grievances.[4] Plaintiff's claims, therefore, are barred by the PLRA.

When an inmate fails to exhaust the available administrative remedies, the appropriate remedy is a dismissal without prejudice. *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of action without prejudice based on prisoner's failure to completely exhaust available process).

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion (ECF No. 48), and dismiss Plaintiff's action without prejudice.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum

---

given that Plaintiff has failed to submit any evidence to suggest the unavailability of the administrative remedies, the record establishes that the remedies were available to Plaintiff.

[4] To the extent Plaintiff requests injunctive relief concerning the CPAP machine, the favorable resolution of that grievance and the provision of a repaired machine would moot Plaintiff's request for injunctive relief. To the extent Plaintiff contends that injunctive relief is needed on his other claims because relief was not provided through the grievance process, or that he is entitled to additional relief in the form of damages for his pain and suffering, Plaintiff must pursue the available administrative process to completion before filing suit in federal court, even though the administrative process would not permit him to recover money damages. *Booth*, 532 U.S. at 734 – 35.

and any request shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 30th day of July, 2018.